An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT J. LEOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60195

**FILED**

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to an Alford plea, of attempted lewdness with a child under the age of 14.[1] North Carolina v. Alford, 400 U.S. 25 (1970). Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Robert Leos contends that the district court abused its discretion by basing his sentence on statements he made to an evaluator during a forensic psychological evaluation. We agree.

"An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." Crawford v. State, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (internal quotation marks omitted). Here, Leos commented to the evaluator that the victim "was 'no stranger' to sexual situations" and described incidents where the victim had been exposed to sexual activity. The district court's reliance on these statements as the basis to sentence Leos to a term of imprisonment was unreasonable because, in context, the statements had no bearing on any factor relevant to the sentencing determination. See,

---

[1]The judgment of conviction erroneously states that Leos was convicted pursuant to a guilty plea.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04966

e.g., NRS 176.015(6) (district court can "consider any reliable and relevant evidence at the time of sentencing" (emphasis added)); see also NRS 176.0125(3)(g) (discussing factors upon which sentences should be based). Accordingly, we conclude that the district court abused its discretion at sentencing and Leos must be resentenced by a different district court judge. We therefore

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings before a different district court judge consistent with this order.

_____, J.
Hardesty

_____, J.
Cherry

PARRAGUIRRE, J., dissenting:

I respectfully dissent. The district court is afforded wide discretion when imposing a sentence, Randell v. State, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993), and that discretion should not be unduly restricted. The district court had before it extensive information regarding Leos and the circumstances of the offense. The district court's reliance on this information was not arbitrary, nor did it "exceed the bounds of law or reason." Crawford v. State, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (internal quotation marks omitted). I would therefore affirm the judgment of conviction.

_____, J.
Parraguirre

cc: Hon. Jennifer Togliatti, Chief Judge
Hon. Carolyn Ellsworth, District Judge
Terrence M. Jackson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk